UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD WARNELL RICHARDSON, JR.,
FDOC Inmate No. V41422,
    Plaintiff,

vs.                                      Case No.: 3:25cv1415/MW/ZCB

M. BURDETT, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff is an inmate of the Florida Department of Corrections proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. On September 16, 2025, the Court granted Plaintiff's motion to proceed *in forma pauperis* (IFP) and assessed an initial partial filing fee of $12.27. (Doc. 8). Nearly four months later, Plaintiff has failed to pay the initial partial filing fee. For the reasons set forth below, Plaintiff's case should be dismissed without prejudice for failure to pay the initial partial filing fee and failure to comply with an order of the Court.

      The Court received Plaintiff's complaint on August 21, 2025. (Doc. 1). On September 16, 2025, the Court granted Plaintiff's motion to proceed IFP. (Doc. 8). When the Court reviewed Plaintiff's motion to

1

proceed IFP (Doc. 6), his account statement showed account deposits sufficient to pay the initial partial filing fee. And based on those statements, the Court assessed an initial partial filing fee of $12.27 in accordance with the requirements outlined in 28 U.S.C. § 1915(b). (Doc. 8). The Court warned Plaintiff that failure to pay the initial partial filing fee "may result in a recommendation of dismissal of this action." (*Id.* at 3). It also warned Plaintiff that if he spent funds that should have been forwarded to the Court, "the Court may dismiss the case for non-payment." (*Id.*).

The Court provided Plaintiff with several extensions to pay the initial partial filing fee and warned him that his failure to pay the initial partial filing fee would result in the dismissal of his case. (Docs. 9, 10, 12, 13, 14). In the order granting Plaintiff's latest request for an extension, the Court told Plaintiff that he would receive no more extensions and that his "failure to pay the $12.27 initial partial filing fee by [December 26, 2025] will result in a recommendation of dismissal of his case without further notice." (Doc. 14 at 1-2).

On December 19, 2025, Plaintiff sent a "Motion to Waive Filing Fee," with an updated inmate trust account statement. (Doc. 15). But

2

that inmate account statement shows that Plaintiff had the funds to pay the initial partial filing fee after the Court ordered him to do so. (*Id.* at 3). More specifically, after filing this case, Plaintiff received $70.00 in deposits to his inmate trust account. (*Id.*). And he spent $61.39 at the canteen. (*Id.* at 3). Despite having the funds to pay the $12.27 initial partial filing fee at various times, Plaintiff made a conscious decision spend his funds at the canteen.

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (cleaned up); N.D. Fla. Loc. R. 41.1 (authorizing the Court to dismiss an action "[i]f a party fails to comply with an applicable rule or a court order"). A district court may also dismiss a civil action where a plaintiff fails to pay the initial partial filing fee. *See Wilson v. Sargent,* 313 F.3d 1315, 1320-21 (11th Cir. 2002).

Dismissal without prejudice is an appropriate sanction for Plaintiff's failure to comply with court orders and failure to pay the initial partial filing fee despite having the funds to do so. *See Walker v. Powell,* 351 F. App'x 384, 386 (11th Cir. 2009) (dismissing prisoner's complaint for failure to make partial filing fee payments where prisoner's account

statements demonstrated that he used the funds for canteen purchases instead of filing fee payments); *see also Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("A suit not worth $7.20 to an inmate who could pay this fee is unlikely to be worth the time of the courts. If the inmate thinks that a more worthwhile use of his funds would be to buy peanuts and candy (two of the items that, the record shows, Lumbert has purchased from the prison commissary) than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor."); *Zuniga-Mejia v. Godwin*, 2024 WL 1068887, at *6 (N.D. Fla. Jan. 22, 2024) ("Because Plaintiff's non-payment was caused by his own actions [by spending funds on canteen items], the District Court should dismiss this action.").

As another judge on this Court once explained: "All litigants must make decisions about how to spend their money when litigation is contemplated. Plaintiff's decision to spend money in the canteen rather than pursue his claim in this Court is one that the Court is entitled to uphold." *Briand v. State of Fla.*, No. 4:06cv104, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006). Accordingly, it is respectfully

4

**RECOMMENDED** that this case be **DISMISSED without prejudice**[1] for Plaintiff's failure to pay the initial partial filing fee despite his ability to do so and failure to comply with an order of the Court.

At Pensacola, Florida, this 12th day of January 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

[1] The events underlying Plaintiff's complaint occurred on July 5, 2025, so the statute of limitations would not bar Plaintiff from refiling his claims at a later date.